```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

```
UNITED STATES OF AMERICA,

    -v-                                  23-cr-69 (JSR)

MOUNIR MRABET,                           OPINION

            Defendant.
```

JED S. RAKOFF, U.S.D.J.:

On November 9, 2023, a jury convicted Mounir Mrabet of narcotics conspiracy, two counts of narcotics distribution, and possessing a firearm in furtherance of a drug trafficking crime. At trial, the Government introduced the testimony of Alfred Hernandez, a Special Investigator and Assistant Inspector General at the New York City Department of Investigation and a Task Force Officer at the Drug Enforcement Administration, concerning drug sellers' and buyers' use of slang to describe illegal narcotics, the packaging of certain drugs for wholesale and retail distribution, and the pricing of certain illegal drugs. All this was introduced without objection.

However, when the Government also attempted to introduce testimony from Mr. Hernandez about the sourcing of methamphetamine and fentanyl from Mexico, defense counsel objected to such testimony as outside the scope of Mr. Hernandez's purported expertise. The Court asked the Government whether Mr. Hernandez

1

had submitted a report in compliance with Federal Rule of Criminal Procedure 16(a)(1)(G). The Government's answer was "yes." But as it turned out, the Government's answer was, at best, an exaggeration. After reviewing what the Government had submitted to defense counsel as Mr. Hernandez's report, the Court concluded that it did not adequately comply with the 2022 amendments to Rule 16. Consequently, with the Government's consent, the Court struck Mr. Hernandez's testimony about the Mexican sourcing and also precluded certain additional opinions Mr. Hernandez was prepared to offer. Because this entire episode demonstrated the Government's misunderstanding about what the 2022 amendments to Rule 16 require, the Court then indicated it would issue an Opinion clarifying what is required. Here is that Opinion.[1]

As amended in 2022, Federal Rule of Criminal Procedure 16(a)(1)(G) requires the Government, at the defendant's request, to disclose certain information in writing "for any testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 [relating to expert testimony] during its case-in-chief." Fed. R. Crim. P. 16(a)(1)(G)(i). In particular, "[t]he disclosure for each expert witness must contain," inter alia, "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief"

---

[1] Mr. Hernandez's report is attached as an Appendix to this Opinion.

and "the bases and reasons for" each of those opinions. Rule 16(a)(1)(G)(iii).

As noted in the official commentary to the 2022 amendment, these provisions exist for good reason. The 2022 additions to Rule 16 address "shortcomings of the prior provisions on expert witness disclosure" -- chief among them, "the lack of adequate specificity regarding what information must be disclosed." Rule 16, Notes of Advisory Committee on 2022 Amendment. The amendment "is intended to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." Id. "To ensure that parties receive adequate information about the content of the witness's testimony and potential impeachment," the amendment "delete[s] the phrase 'written summary'" from the previous version of the Rule and "substitute[s] specific requirements that the parties provide 'a complete statement' of the witness's opinions, the bases and reasons for those opinions, the witness's qualifications, and a list of other cases in which the witness has testified in the past 4 years." Id. Although "the amendment is not intended to replicate all aspects of practice under the civil rule in criminal cases," its language "is drawn from Civil Rule 26" and, in no uncertain terms, "requires a complete statement of all opinions the expert will provide." Id.

As this official commentary recognizes, the prior practice of

3

merely providing a criminal defendant with a brief "summary" of a prosecution expert's opinions proved to be woefully inadequate. Since an expert witness, by definition, offers opinions outside the everyday knowledge of judges and juries, detailed specificity is required as to bases for those opinions before a court can adequately assess their admissibility or a defendant can contest their weight and meaning before a judge or jury. Although the amendments to Rule 16 largely mirror what has long been required in civil cases under Federal Rule of Civil Procedure 26, these requirements are even more important in criminal cases, since, while civil litigants may depose their opponent's experts in advance of trial, see Fed. R. Civ. P. 26(b)(4), criminal defendants have no such opportunity. But the Government must take the 2022 amendment to Rule 16 seriously if it is to have its intended salutary effect.

That did not occur here. While the first paragraph of Mr. Hernandez's report (attached here as an Appendix) states that it is a "complete statement of all opinions that the Government will elicit from [Mr.] Hernandez," what follows in the next paragraph is simply the broad statement that Mr. Hernandez will testify, "based on his training and experience," regarding seven broadly and briefly described categories, such as "the means and methods used to produce, store, transport, and distribute wholesale quantities of methamphetamine and fentanyl in the New York City

area." The following paragraph only very lightly expands on these descriptions, stating that Mr. Hernandez "will explain," e.g., "how methamphetamine is typically packaged in wholesale form (pounds) and in retail form (grams)"; "that, because drugs like methamphetamine and fentanyl are illegal, customers will frequently pay for the drugs in cash, and as the relationship develops, will be permitted to purchase larger quantities of drugs"; "how large quantities of such drug proceeds are bundled, transported, and laundered"; etc. Appendix.

Even assuming arguendo that these broad and generalized "explanations" can somehow be understood as expert opinions, the problems only start there. For in place of the Rule's requirement that the expert's report contain "the bases and reasons for" each of the expert's opinions, Fed. R. Crim. P. 16(a)(1)(G)(iii), Mr. Hernandez's report contains just a single sentence in support of all the above: "Inspector Hernandez's testimony will be based on his training, education, and experience, including his 37 years as a law enforcement officer primarily involved in investigating narcotics trafficking." Appendix. Rather than comply with Rule 16, this statement -- which is never elaborated in even the slightest respect -- is a patent evasion of the Rule's requirements. As the Supreme Court and the Second Circuit have long made clear in their holdings with respect to expert testimony under Federal Rule of Evidence 702 (applicable to both civil and criminal cases), a

5

statement of an opinion's bases and reasons cannot merely be "the ipse dixit of the expert" from experience. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997). Rather, "[a]n expert opinion requires some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion." Riegel v. Medtronic, Inc., 451 F.3d 104, 127 (2d Cir. 2006).

If defense counsel had lodged a pretrial objection to the Government's purported Rule 16 "disclosure" of Mr. Hernandez's testimony, the Court would likely have required the Government to amend the disclosure to comply with Rule 16 by providing far greater specificity and analysis. Instead, counsel, for whatever tactical reason, chose to wait until trial and then only to object to the testimony from Mr. Hernandez about the sourcing of drugs from Mexico. However, before the Court ruled on that objection, the Government voluntarily narrowed the categories of Mr. Hernandez's testimony and agreed not to inquire not only about such sourcing, but also about most further aspects of Mr. Hernandez's testimony that had not already been introduced without objection.

Nevertheless, the Court hereby puts the Government on notice that in the future the Court will require the Government to produce to the Court in advance of trial its expert disclosures under Rule 16, so that the Court can timely assess their adequacy. The

6

Government might also consider having its prosecutors take a look at expert witness reports in civil cases, which typically consist of 20 or more pages of specific opinions and detailed statements of the reasons for those opinions and the methodologies employed. Going forward, the Court will not tolerate the shoddy noncompliance with amended Rule 16 that was encountered in this case.

New York, NY
November 27, 2023

JED S. RAKOFF, U.S.D.J

Appendix

**Disclosure as to Expert Witness Alfred Hernandez**

September 29, 2023

### I. Statement of Opinions, Bases, and Reasons

The following is a complete statement of all opinions that the Government will elicit from Alfred Hernandez, either in its case-in-chief or during its rebuttal to counter testimony that the defendant intends to offer, along with the bases and reasons for them:

The Government expects to call Investigator Alfred Hernandez, a Special Investigator and Assistant Inspector General with the New York City Department of Investigation and a Taskforce Officer with the Drug Enforcement Administration. He is expected to testify, based on his training and experience, regarding (1) the sourcing of methamphetamine and fentanyl from Mexico, (2) the appearance of methamphetamine and fentanyl, (3) the means and methods used to produce, store, transport and distribute wholesale quantities of methamphetamine and fentanyl in the New York City area, including the interstate transportation of these narcotics by vehicle and through the mail; and their receipt, storage and distribution in commercial storage facilities and hotels; (4) drug traffickers' use of encrypted messaging and cellular telephones, (5) drug traffickers' use of coded language when discussing illegal narcotics transactions, including slang for particular types and quantities of narcotics, (6) drug traffickers' use of firearms in connection with their narcotics activities, and (7) the packaging and preparation of United States currency for use in narcotics transactions and the use of money remitters to move narcotics proceeds.

Inspector Hernandez will explain that methamphetamine and fentanyl distributed in the New York area typically crosses into the United States from Mexico and is either transported by vehicle or shipped across the country using mail services. He will explain how methamphetamine is typically packaged in wholesale form (pounds) and in retail form (grams). He will testify that, because drugs like methamphetamine and fentanyl are illegal, customers will frequently pay for the drugs in cash, and as the relationship develops, will be permitted to purchase larger quantities of drugs. He will explain how large quantities of such drug proceeds are bundled, transported, and laundered. He will also explain that drug dealers will typically refer to different types and quantities of drugs using coded language and use encrypted messaging and multiple phones to avoid detection or suspicion.

Inspector Hernandez's testimony will be based on his training, education, and experience, including his 37 years as a law enforcement officer primarily involved in investigating narcotics trafficking.

Inspector Hernandez will not be asked to opine about the specific facts of this case.

### II. Qualifications

Inspector Hernandez's qualifications, including all publications authored in the previous ten years, are contained in his *curriculum vitae*, attached hereto as Exhibit A.

### III. List of Cases

A list of cases, to the best of Inspector Hernandez's recollection, in which, during the previous four years, he has testified as an expert at trial or by deposition is attached hereto as Exhibit B.

/s *Alfred Hernandez*
**Alfred Hernandez**

# Exhibit A

**Background**

Over 37 years in law enforcement (Hired by NYPD in 07/1986).
23 years as a narcotics investigator
Promoted to Detective in 1995
Promoted to 2nd Grade Detective in 2002.
Promoted to 1st Grade Detective in 2006.

Police Academy in 1986
NSU in 1987
19 Precinct in 1987
Assigned to MN Narc in 1993
Assigned to the major case team in 1997
Assigned to the Drug Enforcement Task Force (DEA) (Group T-11) in 2008 as a Federal Task Force Officer.
Retired on 05/31/2016 from the NYPD/DETF (Group T-11).
Hired as a Special Investigator at the DOI H+H on 06/06/16.
Re-Deputized as a Federal Task Force Officer (DEA) in 02/2017.
(Continued involvement in multiple DEA investigations and case takedowns)

Bachelors Science in Criminal Justice (2009) Monroe College: Summa Cum Laude.
(No publications or speaking gigs/Have been working over 30 years straight as a public servant)

Participated in several thousand narcotic arrests.
Participated in several hundred search warrants.
Participated in multiple wiretap and long term investigations.
Have been deemed an expert on more than 175 occasions.
(Topics range from street buyers/sellers to importation/trafficking)
(Amounts range from single doses to multi-kilo quantities of narcotics)
In Supreme Court in NYC, Kings County, and Richmond County.
In Federal Court at the Southern, Northern, and Eastern Districts.
Testimony in approx. 18 trials in 2017.
Testimony in approx. 14 trials in 2018.
Testimony in 22 trials in 2019.
Testimony in 2 trials in 2020.
Testimony in 7 trials in 2021.
Testimony in 8 trials in 2022.
Testimony in 12 trials in 2023.

Promoted in 03/2019 to Assistant Inspector General (Supervisor)
Assigned in 06/2019 to the New York Drug Enforcement Administration's Tactical Diversion Squad

# Exhibit B

| Date | Case of | Court |
|---|---|---|
| 11/14/2018 | US v. Miller – 18 Cr. 202 (ARR) | EDNY Pt # 4A |
| 12/04/2018 | US v. Cargill – 17 Cr. 330 (RJD) | EDNY Pt # 10A |
| 12/12/2018 | NY v. Miguel Silverio Cruz | NYC NYS SC Pt # 54 |
| 01/11/2019 | NY v. Reginald Holloman | KC NYS SC Pt # 27 |
| 02/05,06,08/2019 | NY v. Izquirdo Rosa | NYC NYS SC Pt# 23 |
| 03/14/2019 | NY v. Erick Cruz | NYC NYS SC Pt # 23 |
| 03/27/2019 | NY v. Seda | NYC NYS SC Pt # 56 |
| 03/27,28/2019 | US v. Sepulveda – 18 Cr. 363 (RJS) | SDNY Pt # 905 |
| 04/10/2019 | NY v. Cruz +2 | NYC NYS SC Pt # 23 |
| 04/10/2019 | NY v. Rivera +2 | NYC NYS SC Pt # 75 |
| 04/24/2019 | NY v. Johnson +1 | NYC NYS SC Pt # 52 |
| 05/03/2019 | NY v. Morris + 1 | NYC NYS SC Pt # 99 |
| 05/15/2019 | NY v. Quiles | RC NYS SC Pt # 320 |
| 05/31/2019 | NY v. Beau Coleman | NYC NYS SC Pt # 23 |
| 06/11/2019 | NY v. Cordero | NYC NYS SC Pt # 23 |
| 06/13/2019 | NY v. Wilford Person | NYC NYS SC Pt # 56 |
| 06/20/2019 | NY v. Limehouse | NYC NYS SC Pt # 99 |
| 06/21/2019 | US v. Joel Tapia – 17 Cr. 512 (KMW) | SDNY Pt # 26A |
| 08/13/2019 | US v. Rafael Fabian – 16 Cr. 131 (DLI) | EDNY Pt # 4A |
| 08/14, 15/2019 | US v. Burgess – 18 Cr. 373 | SDNY Pt # 15A |
| 08/20/2019 | US v. Adamou Djibo – 15 Cr. 88 | EDNY Pt # 10A |
| 09/10/2019 | NY v. Malawich | NYC NYS SC Pt # 41 |
| 10/17/2019 | US v. Dion Shortt – 19 Cr 179 (RRM) | EDNY Pt # 6A |
| 10/22/2019 | US v. Jones – 18 Cr. 662 (JGK) | SDNY Pt # 14A |
| 10/28/2019 | NY v. Barksdale | NYC NYS SC Pt # 93 |
| 12/12/2019 | US v. Campbell – 1:18 Cr. 467 (LDH) | EDNY Pt # 4H |
| 03/03/2020 | US v. L.M. Hyman – 18 Cr. 307 (BMC) | EDNY Pt # 8D |
| 03/10/2020 | NY v. German De Jesus | NYC NYS SC Pt # 52 |
| 05/24/2021 | US v. Santa-Cruz/Claudia Mantilla-Cachy De Osis – 1:18 Cr. 593 (RUD-2) | EDNY Pt # 10A South |
| 06/22/2021 | US v. Moreta – 19 Cr. 307 (SHS) | SDNY Pt # 24B |
| 07/06/2021 | US v. Pitre – 19 Cr. 604 | EDNY Pt # 10D |
| 08/24/2021 | US v. Burgos – 20 Cr. 182 (VEC) | SDNY Pt # 26B |
| 09/01/2021 | US v. Tafari Malcolm – 19 Cr. 96 | EDNY Pt # 8A |
| 10/07/2021 | NY v. Acevedo Beras | NYC NYS SC Pt # 66 |
| 12/08 &/or 12/09/2021 | US v. Ramon Solla – 19 Cr. 740 (CM) | SDNY Pt # 24A |
| 03/21/2022 | US v. Matthew Elias – 18 Cr. 33 (NGG) | EDNY Pt # 6A |
| 05/03/2022 | NY v. Patino | NYC NYS SC Pt # 53 |
| 06/02/2022 | NY v. Cecilio Rosario | NYC NYS SC Pt # 42 |
| 06/29/2022 | US v. Reginald Claxton – 20 Cr. 631 | SDNY |

| | | |
|---|---|---|
| 07/21/2022 | NY v. Antonio Lopez | NYC NYS SC Pt # 77 |
| 07/28/2022 | US v. Esteves – 20 Cr. 686 (JGK) | SDNY Pt # 14A |
| 11/02/2022 | NY v. J Elvir + 1 | NYC NYS SC Pt # 81 |
| 11/08/2022 | US v. Soda-Zarzuela – 21 Cr. 41 (PAC) | SDNY Pt # 14C |
| 01/11/2023 | US v. DaShaun Bracy – 20 Cr. 483 (ARR) | EDNY Pt # 8C |
| 01/20/2023 | US v. Billy Ortega – 22 Cr. 91 (RA) | SDNY (40 Foley Rm # 110) Hon. Judge Abrams |
| 02/14/2023 & 02/15/2023 | US v. Wyche – 18 Cr. 561 (DLI) | EDNY Courtroom # 10C |
| 02/16/2023 | US v. Weeks – 16 Cr. 167 (LAP) (VOSR Hearing) | SDNY Courtroom # 12A |
| 02/23/2023 | US v. Franklyn Sterling – 22-Cr. 247 | EDNY Courtroom # 6GN |
| 04/13/2023 | US v. Bush et al – 19-Cr. 378 (PKC) | EDNY Courtroom # N4F |
| 04/20/2023 | US v. Kevin Edwards – 21-Cr. 165 (ERK) | EDNY Courtroom # 8A |
| 04/21/2023 | US v. Sinde, Civitello Sr., & Civitello Jr. – 1:21-Cr. 343 (MAD) | NDNY Courtroom Hon. Judge D'Agostino |
| 04/28/2023 | US v. Jones – 13 Cr. 836 (SHS) (VOSR Hearing) | SDNY Courtroom # 23A |
| 05/02/2023 | US v. Acevedo – 21-Cr. 162 (DG) | EDNY Courtroom # 4BS |
| 05/09/2023 | US v. Maurice Woodstock – 21-Cr. 598 | EDNY Courtroom # 4GN |
| 06/12/2023 | The People of the State of New York v. Quintin Rodriguez, 1673-2019 | Supreme Court of the State of New York, New York County, Criminal Term, Part 72 |
| 06/14/2023 | US v. Adrian Bradshaw – 22-Cr. 217 (KMK) | SDNY Courtroom 6th fl (White Plains) Hon. Judge Karas |
| 07/18/2023 | US v. Victor Molina Rodriguez – 22-Cr. 632 (AKH) | SDNY Courtroom # 14D |