UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
UNITED STATES OF AMERICA

        -against-                        23-cr-69 (JSR)

MOUNIR MRABET,                           MEMORANDUM ORDER

        Defendant.
```

JED S. RAKOFF, U.S.D.J.:

　　Defendant Mounir Mrabet, acting pro se, has submitted several letter-motions seeking various forms of post-conviction relief, see ECF Nos. 62, 67, 69, 70, 71, 72, and 75.[1] Taken together and construed liberally, these motions seek a sentence reduction, a new trial under Rule 33 of the Federal Rules of Criminal Procedure, and sanctions against the Government for alleged failures to make discovery disclosures. For the reasons stated below, the Court denies the motions in their entirety.

I.　Background

　　Mr. Mrabet was indicted on one count of narcotics conspiracy, in violation of 21 U.S.C. § 846, and two counts of narcotics distribution, in violation of 21 U.S.C. § 841(b)(1)(A). ECF No. 3. Later, the Government charged Mr. Mrabet with an additional count for possession of a firearm in furtherance of the charged narcotics conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (2). ECF No. 10.

---

[1] ECF Nos. 71 and 72 are identical.

Prior to trial, Mr. Mrabet moved to suppress evidence seized through the execution of search warrants that he argued contained materially false statements and omissions. The Court denied that motion. In November 2023, Mr. Mrabet was found guilty on all four counts.

Mr. Mrabet then appealed. Among other things, Mr. Mrabet's appeal argued that (1) the Court had erred by denying the motion to suppress he had filed prior to trial; (2) that insufficient evidence supported his conviction on the firearms charge; and (3) that the Court had erred by not defining "firearm" in its jury instructions. In June 2025, the Second Circuit affirmed Mr. Mrabet's conviction on all counts. These letter-motions followed.

II. Discussion

Mr. Mrabet's motions may either be stylized as requests for habeas relief or as a request for relief under Federal Rule of Civil Procedure 60(b). At first brush, a request for habeas relief appears the most applicable because Mr. Mrabet specifically requests in many of his motions that the Court consider his letters as such, see ECF Nos. 69 at 3; 72 at 3. But Mr. Mrabet also mentions Rule 60(b) in his motions, see ECF No. 72 at 2. And the Second Circuit, in an attempt to protect prisoners from unknowingly falling afoul of the steep procedural barriers for successive applications for a writ of habeas corpus, has instructed courts to not treat pro se motions as first motions for the purposes of 28

2

U.S.C. § 2255 "unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1988).

Mr. Mrabet has not indicated that he has knowledge of the potential adverse consequences of bringing a 28 U.S.C. § 2255 motion, and the Court sees no reason to conclude that Mr. Mrabet's applications, which fail to allege any grounds for relief to which 28 U.S.C. § 2255 applies, should be understood as such. Accordingly, the Court construes his motions as requests for relief under Federal Rule of Civil Procedure 60(b).

Under Rule 60(b), however, Mr. Mrabet's motions mostly attack the underlying conviction itself. For example, in one of his letters, Mr. Mrabet claims that the Government falsified affidavits and exceeded the scope of the U.S. Constitution in presenting evidence against him in the original proceedings. See ECF No. 69 at 3-4. These attacks, however, are "beyond the scope of Rule 60(b)." Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002).

3

Even if the Court considered Mr. Mrabet's requests under any arguably applicable rule or statute, however, most of his arguments go to contentions that have already been rejected by both this Court and the Second Circuit on appeal. For instance, the Second Circuit agreed that Mr. Mrabet was not entitled to a pre-trial suppression hearing on the basis of alleged misstatements and omissions in the Government affidavits. United States v. Mrabet, 2025 WL 1682196, at *1 (2d Cir. June 16, 2025) (unpublished). On appeal, although Mr. Mrabet claims that insufficient evidence existed to support the charge that he used a firearm in furtherance of a drug trafficking crime, see ECF No. 72 at 3, the Second Circuit specifically concluded that "ampl[e]" trial evidence supported the charge and conviction. Mrabet, 2025 WL 1682196, at *2.

Mr. Mrabet's other requests must also be rejected. His motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A) fails because, under that statute, a defendant must have "fully exhausted all administrative rights." 18 U.S.C. § 3582(c)(1)(A). But Mr. Mrabet's petitions "make[] no mention of his having sought administrative relief," United States v. Parrot, 2025 WL 995398, at *2 (S.D.N.Y. Apr. 3, 2025). And even putting the failure to exhaust aside, Mr. Mrabet offers no reasons, besides pain in his teeth, to justify a reduction in his sentence. But as to his teeth, the Government points out that Mr. Mrabet's records show that he

4

has been provided medical attention for dental issues since 2024 and that he has refused medical attention. See ECF No. 77 at 3. Thus, Mr. Mrabet has failed to assert extraordinary or compelling reasons for a reduction in his sentence as the statute requires.

Finally, the Court must also deny Mr. Mrabet's request for sanctions against the Government. Mr. Mrabet's request is based upon the Government's purported misconduct in the original proceedings, including allegations that the Government relied on false statements and seized evidence in violation of the Constitution, see, e.g., ECF Nos. 69 at 3; 71 at 4; 75 at 2, 5. But he provides no facts to support his allegations, and in any event, many of these claims are legally baseless. For instance, the Government did not violate Mr. Mrabet's "private affairs" by placing his iCloud data on a Government laptop, see ECF No. 67 at 2, as the Government took this action to ensure that Mr. Mrabet could review his Rule 16 discovery after he complained he could not open the discovery hard drive on the jail computers. And all of Mr. Mrabet's other complaints are completely without merit.

Accordingly, the Court denies Mr. Mrabet's motions in their entirety. The Clerk of Court is respectfully directed to close the motions docketed at ECF Nos. 62, 67, 69, 70, 71, 72, and 75.

SO ORDERED.

New York, NY
November 20, 2025

JED S. RAKOFF, U.S.D.J.